# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA

        Plaintiff,

        v.                               **CASE NO**. 2:23-cr-20076-DDC

EPHANTUS MWANGI,
      AKA EPHY MWANGI,
      AKA EPHANTUS GITHINJI,
      AKA EPHY GITHINJI,

        Defendant.

**UNITED STATES' REPLY TO DEFENDANT'S MOTION TO DISMISS**

The United States hereby respectfully opposes Defendant Ephantus Mwangi's ("Defendant's") "Motion to Dismiss," filed March 5, 2025 (doc. 28). Defendant's Motion to Dismiss the superseding indictment, premised on the basis that the indictment charges him and not a "duly authorized Kansas corporation," is frivolous. It is well established that any person who has "significant, though not necessarily exclusive, authority in the general management and fiscal decision-making of the corporation is the 'person' responsible for collecting, accounting for, and paying over payroll taxes for the business under 26 U.S.C. § 7202." *Denbo v. United States*, 988 F.2d 1029, 1032 (10th Cir. 1993) (citations omitted).

1

The person responsible can include "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 7343. Here, Defendant was the sole owner, officer, and operator of True Payments Solutions, Inc. ("TPS") and True POS Solutions ("TRUE POS"). Defendant exercised control over the businesses' financial affairs by, among other things, controlling the businesses' bank accounts, payroll, approving business payments, signing checks, having signature authority on bank accounts, and hiring, firing, and supervising employees. Therefore, Defendant, **not the corporation,** is properly named as the defendant in the superseding indictment for willful failure to account for and pay over tax in violation of 26 U.S.C. § 7202, and Defendant's Motion to Dismiss should be denied.

Defendant's own motion admits that "it does not appear a corporation has been charged with a violation of § 7202 in the Tenth Circuit" (doc. 28 p. 8). This appears to understate the case; as far as the United States can determine, no corporation has ever been charged under this statute. The United States agrees that Section 7202 contemplates that a business entity can be charged as a responsible person, because the term person is "construed to mean and include an individual, a trust, estate, partnership, association, company or corporation." 26 U.S.C. § 7701(a)(1). Nevertheless, "[c]harging decisions are primarily a matter of discretion for the prosecution," *United States v. Robertson*, 45 F.3d 1423, 1437 (10th Cir.1995), and such "discretion is nearly absolute." *Id*. at 1438. Here, where Defendant is the sole owner of the corporations, the United States determined that Defendant, **not the corporation**, should be criminally prosecuted.

Defendant cites no cases in supporting his assertion that the United States should have charged a corporation instead of a person for violating Section 7202.

For the reasons stated above, the Defendant's Motion to Dismiss lacks merit, and the United States respectfully requests the Court deny the motion.

Respectfully Submitted,

DUSTIN J. SLINKARD
Acting United States Attorney
District of Kansas

By: */s/ Ryan J. Huschka*
Ryan J. Huschka
Assistant United States Attorney
Email: Ryan.Huschka@usdoj.gov
Ks. S. Ct. No. 23840

District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541

By: */s/ J. Parker Gochenour*
J. Parker Gochenour
Trial Attorney
U.S. Department of Justice, Tax Division
Western Criminal Enforcement Section
150 M St. NE, Washington, D.C. 20530
Email: Parker.Gochenour@usdoj.gov
Ph: (202) 305-2370
Va. Bar No. 90069

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2025, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the above-captioned case.

/s/ J. Parker Gochenour
J. PARKER GOCHENOUR
Trial Attorney, Tax Division
United States Department of Justice