IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

EPHANTUS MWANGI (01),

                Defendant.

Case No. 23-20076-DDC-1

## MEMORANDUM AND ORDER

A grand jury indicted Ephantus Mwangi in a Superseding Indictment with six counts of willful failure to account for and pay over tax, in violation of 26 U.S.C. § 7202. Doc. 21 at 5. Mr. Mwangi moved to dismiss the indictment, Doc. 28, and the government responded. Doc. 29. This Order denies Mr. Mwangi's Motion to Dismiss (Doc. 28).

### I.    Background[1]

The Superseding Indictment (Doc. 21) alleges as follows. Mr. Mwangi "was the sole owner, officer, and operator" of two companies—True Payment Solutions, Inc. (TPS) and True POS Solutions (TRUE POS). Doc. 21 at 1 (Superseding Indictment ¶ 2). The companies "marketed and sold credit-card processing services and card readers[.]" *Id.* at 1, 2 (Superseding Indictment ¶¶ 3, 5). And Mr. Mwangi allegedly "was responsible for all financial matters" for both companies. *Id.* at 2 (Superseding Indictment ¶ 8). His duties allegedly included overseeing books and records, managing bank accounts, and issuing Forms W-2 to employees. *Id.* The

---

[1] For purposes of this motion, the court takes the allegations in the operative indictment as true. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("An indictment should be tested solely on the basis of allegations made on its face, and such allegations are to be taken as true.").

Superseding Indictment asserts Mr. Mwangi had "full access" to the companies' finances, "including payroll accounts and bank accounts." *Id.*

The government contends Mr. Mwangi was "a responsible person for collecting trust fund taxes, accounting for employment taxes by filing Forms 941 with the IRS[,] and paying over to the IRS the trust fund taxes for TPS' employees." *Id.* at 4 (Superseding Indictment ¶ 14). For the 2018 tax year, Mr. Mwangi allegedly "caused Forms W-2 to be issued to TPS' employees, except to himself." *Id.* (Superseding Indictment ¶ 15). During 2017 and 2018, Mr. Mwangi allegedly "received more than 30 notices" from his payroll service. *Id.* at 5 (Superseding Indictment ¶ 18). Those notices, the government contends, alerted him "of the federal Social Security, Medicare, and income tax withholdings" that TPS owed to the IRS. *Id.* Still, the Superseding Indictment charges, Mr. Mwangi "willfully fail[ed] to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of TPS[,]" as shown in the table below:

| Count | Calendar Quarter Ending | Approximate Due Date of Form 941 | Approximate Taxes Due |
|---|---|---|---|
| 1 | September 30, 2017 | October 31, 2017 | $88,161.05 |
| 2 | December 31, 2017 | January 31, 2018 | $94,964.37 |
| 3 | March 31, 2018 | April 30, 2018 | $30,434.26 |
| 4 | June 30, 2018 | July 31, 2018 | $41,978.97 |
| 5 | September 30, 2018 | October 31, 2018 | $43,115.61 |
| 6 | December 31, 2018 | January 31, 2019 | $32,750.07 |

*Id.* (Superseding Indictment ¶ 21).

II.     **Legal Standard**

A defendant "may raise by pretrial motion any defense . . . that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A court may dismiss an indictment before trial, in whole or in part, for 'failure to state an offense.'" *United States v. Chavez*, 29 F.4th 1223, 1226 (10th Cir. 2022) (quoting Fed. R. Crim. P. 12(b)(3)(B)(v)). "An indictment is

sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quotation cleaned up).  A pretrial motion doesn't test "the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Id.*  When deciding a motion to dismiss an indictment, the court must accept the allegations in the indictment as true.  *Id.*  The court may grant Mr. Mwangi relief only if it determines "'*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt.'"  *Chavez*, 29 F.4th at 1226 (emphasis in original) (quoting *Hall*, 20 F.3d at 1088).  In other words, for the court to dismiss the indictment, Mr. Mwangi must establish that he "could not have committed the offense for which he was indicted."  *Id.* (internal quotation marks and citation omitted).

### III.     Analysis

Mr. Mwangi's motion argues that "the indictment is in error" because "it fails to charge the proper defendant."  Doc. 28 at 27.  According to Mr. Mwangi, the operative indictment fails because the grand jury should have charged TPS—not Mr. Mwangi.  *Id.* at 29–31.  The premise of Mr. Mwangi's argument is faulty.  He presumes that if the grand jury could have indicted TPS for the six charges Mr. Mwangi allegedly committed, then as a matter of law, the government can't prove Mr. Mwangi guilty of those crimes beyond a reasonable doubt.  But Mr. Mwangi fails to identify any authority to support this novel proposition.  Nor could the court locate any authority that lends credence to the gist of Mr. Mwangi's theory.

To the contrary, Circuit precedent and the Federal Rules of Criminal Procedure envision precisely the opposite—that the government may hold multiple persons liable for the same crime.  *See, e.g.*, *United States v. Behrens*, 689 F.2d 154, 159 (10th Cir. 1982) ("Criminal defendants engaging in the 'same series of acts or transactions constituting an offense' can be

charged in a single indictment and tried jointly." (quoting Fed. R. Crim. P. 8(b)); *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979) ("It is axiomatic that defendants may be charged jointly in the same indictment where they are alleged to have participated in the same act or series of transactions.").

Here, the grand jury didn't indict TPS. *See* Doc. 21 (Superseding Indictment). Perhaps the government didn't present charges against TPS to the grand jury. Or perhaps the grand jury concluded that no probable cause supported charges against TPS. Whatever the explanation, the court doesn't have any authority to second-guess the wisdom of the charging decision manifested by the Superseding Indictment. *See United States v. Robertson*, 45 F.3d 1423, 1438 (10th Cir. 1995) (explaining that prosecutorial discretion "to bring charges in the first place . . . is nearly absolute"); *see also Wayte v. United States*, 470 U.S. 598, 607 (1985) ("So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." (quotation cleaned up)).

Here's the long and short of it: Mr. Mwangi hasn't shown that "'*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt.'" *Chavez*, 29 F.4th at 1226 (emphasis in original) (quoting *Hall*, 20 F.3d at 1088). The Superseding Indictment alleges that Mr. Mwangi violated 26 U.S.C. § 7202. Doc. 21 at 5. Specifically, it contends that Mr. Mwangi was responsible "for collecting trust fund taxes" and paying them over to the IRS. *Id.* at 4, 5 (Superseding Indictment ¶¶ 14, 20). And the Superseding Indictment alleges that Mr. Mwangi failed to abide his legal duty to collect and pay taxes. *Id.* at 5 (Superseding Indictment ¶ 21). If those allegations as true—and the court can't decide whether they are or not—Mr. Mwangi violated 26 U.S.C. § 7202, which imposes criminal liability on any "person . . . who

4

willfully fails to collect or truthfully account for and pay over" a tax owed to the United States. What's more, the United States Code envisions that a natural person may face such liability for violating the tax laws at issue. *See* 26 U.S.C. § 7343 ("The term 'person' as used in this chapter includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."). So, the court concludes, Mr. Mwangi hasn't shouldered his burden to show that the Superseding Indictment fails to state an offense. *See Chavez*, 29 F.4th at 1226.

The court thus denies Mr. Mwangi's Motion to Dismiss (Doc. 28).[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Ephantus Mwangi's Motion to Dismiss (Doc. 28) is denied.

**IT IS SO ORDERED.**

**Dated this 1st day of May 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge

---

[2] Mr. Mwangi's motion describes at some length the history of business incorporation in the United States and Kansas. Doc. 28 at 12–24. His briefing also contains a section arguing that corporations are persons. *Id.* at 25–26. Those points, however interesting, are neither here nor there. As explained, whether TPS committed a crime simply is immaterial to whether the indictment sufficiently alleges that Mr. Mwangi committed a crime.

Mr. Mwangi's motion also argues that shifting Supreme Court jurisprudence supports his position. Doc. 28 at 10, 29–30. But none of the cases that Mr. Mwangi cites deal with tax law or the sufficiency of indictments. In fact, the only criminal cases Mr. Mwangi cites—*McGirt v. Oklahoma*, 591 U.S. 894 (2020), and *Oklahoma v. Castro-Huerta*, 597 U.S. 629 (2022)—address jurisdiction to prosecute crimes in Indian Country. The court isn't convinced that Supreme Court precedent demands a result different than the one the court reaches here.