Filed in Open Court
10/21/2025
Skyler B. O'Hara
By M. Garrett
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

EPHANTUS MWANGI,

Defendant.

CASE NO. 23-20076-DDC-TJJ

# PLEA AGREEMENT

The United States of America, by and through its attorneys, J. Parker Gochenour, Trial Attorney, United States Department of Justice, Tax Division, Ryan J. Huschka, Assistant United States Attorney, United States Attorney's Office for the District of Kansas, and Ephantus Mwangi, the defendant, personally and by and through his counsel, Lance Sandage, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count Two of the Superseding Indictment charging a violation of 26 U.S.C. § 7202, that is, willful failure to pay over employment taxes. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant agrees to plead guilty on October 21, 2025. The defendant understands that the maximum sentence which may be imposed as to Count Two of the Superseding Indictment to which he has agreed to plead guilty is not more than five years of imprisonment, a $250,000 fine or twice the gross pecuniary gain from the offense or twice the gross pecuniary loss (whichever is greater), three years of supervised

release, restitution in an amount to be determined by the Court, and a $100.00 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> The defendant, Ephantus Mwangi, is 47 years old and was a resident of the state of Missouri at the time of the charged offenses. Defendant is the sole owner of True Payment Solutions, Inc. ("TPS"), a corporation that markets and sells credit-card processing services and card readers to merchants. The defendant started the business in 2010 and, until in or around 2018, typically employed between twenty and thirty people. Some of TPS's employees worked from the company's main offices in Kansas. Other employees worked as sales representatives and traveled across the country to market credit-card processing software and equipment to prospective clients. In or around December of 2016, defendant founded True POS Solutions ("True POS"), a separate business that also marketed and sold credit-card processing services and card readers to merchants. Defendant has operated TRUE POS from 2016 to present. Both TPS and TRUE POS were corporations with their principal place of business in the District of Kansas.
>
> As an employer, TPS and TRUE POS were required to withhold, truthfully account for, and pay over to the to the Internal Revenue Service ("IRS") certain taxes from employee wages. These taxes include employee income taxes and Federal Insurance Contribution Act taxes (Social Security and Medicare taxes, also known as "FICA" taxes) and are collectively referred to as "trust fund taxes" because employers are required to hold the withheld amounts in trust until paid over to the United States. TPS and TRUE POS were also required to file Forms 941, Employer's Quarterly Federal Tax Returns, to report wages, tips, and other compensation paid to employees, the total amount of trust fund taxes withheld, and the total tax deposits made. The IRS is an agency of the United States within the Department of the Treasury responsible for enforcing and administering the tax laws of the United States.
>
> Defendant was a responsible person for TPS and TRUE POS with a duty to collect, truthfully account for, and pay over to the IRS on a periodic basis the trust fund taxes withheld from the wages of TPS and TRUE POS employees. Following the end of each calendar quarter, Defendant was required to file a Form 941 setting forth the total amount of wages and other compensation subject to withholding, the total amount of income taxes withheld, the total amount of FICA taxes due, and the total tax deposits made for the quarter.

Defendant was responsible for all financial matters at TPS and TRUE POS. Defendant exercised control over certain aspects of TPS' financial affairs by, among other things, overseeing their books and records controlling their bank accounts, payroll, approving business payments, signing checks, having signature authority on bank accounts, caused TPS to issue annual Forms W-2 to TPS' employees and hiring, firing, and supervising of employees. Thus, defendant was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of TPS and TRUE POS the trust fund taxes imposed on its employees by the Internal Revenue Code.

From at least the third quarter of 2017 through at least the fourth quarter of 2018, Defendant collected trust fund taxes from TPS' employees but willfully failed to truthfully account for and pay over the taxes due. IRS records show that defendant withheld but failed to account for and pay over the following TPS trust fund taxes for the fourth quarter of 2017:

| Calendar Quarter Ending | Approximate Due Date of Form 941 | Approximate Trust Fund Taxes Due and Owing |
|---|---|---|
| December 31, 2017 | January 31, 2018 | $94,964.37 |

3. **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the remaining counts of the Superseding Indictment at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Superseding Indictment;

(c) to allow the defendant to reserve the right to request a downward departure and/or a variance, in which case, the government agrees to recommend a sentence no higher than the high end of the Guideline range;

(d) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility;

(e) to allow the defendant to make any arguments regarding the total tax loss and/or restitution; and

(f) to recommend that the defendant remain on bond pending sentencing, based on the information currently known.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct,

the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a) Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b) Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c) Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d) Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f) Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g) If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h) Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i) Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address or other contact information until the judgment debt is paid in full.

(j) Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k) Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default, and agrees to be immediately included in the Treasury Offset Program allowing federal benefits and payments to be offset and applied to the balance of criminal monetary penalties.

(l) Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

9. **Restitution.** The defendant knowingly and voluntarily agrees and consents:

(a) The defendant agrees to pay restitution to the Internal Revenue Service an amount to be determined by the Court, pursuant to 18 U.S.C. § 3663(a)(3). The defendant understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26.

(b) The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, which it may do as a condition of supervised release, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

(c) The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax

liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

(d) The defendant is entitled to receive credit for restitution paid pursuant to this Plea Agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees that this Plea Agreement does not resolve his civil tax liabilities; that the IRS may seek additional taxes, interest, and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period(s); and that satisfaction of the restitution debt does not settle, satisfy, or compromise defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

(e) The defendant understands that he is not entitled to credit with the IRS for any payment until the IRS receives the payment.

(f) If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as directed), and to disclose to the IRS any and all additional financial information and financial statements provided to the U.S. Probation Office. The defendant also agrees to provide the above-described information to the U.S. Attorney's Office.

(g) If the defendant makes a payment of the restitution agreed to in this paragraph prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to this paragraph.

(h) The defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

Clerk, U.S. District Court
401 N. Market, Room 204
Wichita, Kansas 67202

(i) With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

(i) The defendant's name and Social Security number;

(ii) The name and Social Security number of the spouse with whom the defendant filed the joint returns for the tax periods identified herein;

(iii) The District Court and the docket number assigned to this case;

(iv) Tax year(s) or period(s) for which restitution has been ordered; and

(v) A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the IRS at:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

The defendant understands and agrees that interest imposed by Title 26 will continue to accrue until the IRS actually receives the payment.

(j) The defendant also agrees to send a notice of any payments made pursuant to this Plea Agreement, including the information listed in the previous paragraph, to the IRS at:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special

assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including restitution, the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552.

The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Deportation Consequences.** The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which he is pleading guilty. (Because defendant is pleading guilty to willful failure to pay over employment taxes, removal may be presumptively mandatory.) Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction

on his immigration status. Defendant nevertheless affirms that he wants to plead guilty, regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

15. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

16. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

*/s/ J. Parker Gochenour* Date: 10/16/2025
J. Parker Gochenour
Trial Attorney
U.S. Department of Justice, Tax Division
Western Criminal Enforcement Section

*/s/ Ryan J. Huschka* Date: 10/16/2025
Ryan J. Huschka
Assistant United States Attorney

*/s/ D. Christopher Oakley*
D. Christopher Oakley
Supervisory Assistant United States Attorney

Date: 10/16/2025

____________________________
Ephantus Mwangi
Defendant

Date: 10/21/2025

____________________________
Lance Sandage
Sandage Law LLC
1600 Genessee St, Ste 662
Kansas City, MO
Counsel for Defendant

Date: 10/21/25