**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**KANSAS CITY DOCKET**

**UNITED STATES OF AMERICA**
*Plaintiff,*

**Case No.** 23-CR-20076-DDC

v.

**EPHANTUS MWANGI**,
*Defendant*.

**DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES' MOTION FOR HEARING TO DETERMINE WHETHER DEFENDANT HAS VIOLATED THE TERMS OF THE PLEA AGREEMENT**

## INTRODUCTION

The government seeks to escape its obligations under the plea agreement because Mr. Mwangi missed his original sentencing date and was later arrested in Texas. Its motion should be denied. While Mr. Mwangi does not dispute that he missed his April 27, 2026 hearing or that he was subsequently taken into custody, the government has failed to meet its legal burden.

To void its obligations, the government must prove by a preponderance of the evidence that Mr. Mwangi materially breached the agreement. It cannot do so. First, the plea agreement contains no express term requiring appearance at sentencing or prohibiting flight. Second, while the government argues that this requirement is implied, basic contract law requires that any ambiguity in a plea agreement be strictly construed against the government as the drafter. Third, the government must prove that any alleged breach was material and substantially affected its position under the agreement. It has shown neither. Finally, even if the Court finds a technical breach, the proper remedy is not to completely release the government from its promises under Paragraph 5. For these reasons, the government's motion should be denied.

LEGAL STANDARD

Plea agreements are contracts governed by general contract law, modified by constitutional due process standards of fundamental fairness. *United States v. Calabrese*, 645 F.2d 1379, 1390 (10th Cir. 1981). The government cannot unilaterally decide that a defendant has breached an agreement; a judicial determination based on adequate evidence is required. *United States v. Ataya*, 864 F.2d 1324, 1329 (7th Cir. 1988). When the government seeks release from its obligations, it bears the burden of proving breach by a preponderance of the evidence. *United States v. Verrusio*, 803 F.2d 885, 888 (7th Cir. 1986). If the pleadings show a factual dispute regarding breach, the Court must hold an evidentiary hearing. *United States v. Guzman*, 318 F.3d 1191, 1196 (10th Cir. 2003). If there is no factual dispute, the issue may be resolved as a matter of law. *Calabrese*, 645 F.2d at 1390. In either case, the Court must make specific findings on the record. *United States v. Frazier*, 213 F.3d 409, 419 (7th Cir. 2000).

In interpreting plea agreements, courts look to the parties' reasonable expectations at the time of agreement and resolve any ambiguities against the government. *United States v. Collins*, 25 F.4th 1097, 1101 (8th Cir. 2022). Furthermore, to justify voiding the government's obligations, a breach must be material or substantial; a mere technical violation does not suffice unless it substantially undermines the purpose of the agreement or materially prejudices the government. *United States v. Lezine*, 166 F.3d 895, 901 (7th Cir. 1999).

ARGUMENT

**1. The Plea Agreement Lacks an Express Term Requiring Appearance or Prohibiting Flight.**

The threshold question is whether Mr. Mwangi violated any written term of the plea agreement. Under Paragraph 5, the government's obligations are conditional on Mr. Mwangi's 'continuing to manifest an acceptance of responsibility.' The agreement specifies that the

government may petition for a breach hearing if the defendant 'willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 . . . or has engaged in additional criminal conduct.' Noticeably absent from the agreement is any express provision requiring Mr. Mwangi to appear for sentencing or prohibiting flight. Where sophisticated parties negotiate a comprehensive written contract, the omission of a term indicates it was not part of the bargain. The government cannot retroactively read unbargained terms into the agreement.

**2. Any Implied Obligation Must Be Strictly Construed Against the Government.**

The government relies on *United States v. Munoz*, 718 F.3d 726 (7th Cir. 2013), to argue that an obligation to appear at sentencing is an 'implied but obvious' term. In *Munoz*, the court held that a defendant could not flee to Mexico for five years, commit new crimes, and still demand performance from the government. However, because plea agreements involve constitutional rights, any implied terms must be construed narrowly and strictly against the government as the drafter. *Ataya*, 864 F.2d at 1329. The extreme facts in *Munoz*—five years as an international fugitive and new criminal conduct—do not exist here. Mr. Mwangi missed a single hearing, did not leave the country, was in custody within six weeks, and is not alleged to have committed new crimes. A six-week absence does not constitute the type of egregious conduct that fundamentally undermines the purpose of the plea agreement.

**3. The Government Failed to Prove a Willful and Material Breach.**

Even if an implied term exists, the government must prove by a preponderance of the evidence that Mr. Mwangi's breach was both willful and material. *Verrusio*, 803 F.2d at 888. It has failed on both counts:

• **Lack of Proof Regarding Willfulness:** To constitute obstruction of justice under U.S.S.G. § 3C1.1, a failure to appear must be deliberate and willful. The government offers no proof of Mr. Mwangi's state of mind. At the April 27 hearing, defense counsel explained that Mr. Mwangi

was absent due to medical issues involving his son. While the government notes this was unverified, it offers no evidence to disprove it. At minimum, a factual dispute exists requiring an evidentiary hearing. *Guzman*, 318 F.3d at 1196.

• **No Material Impact on the Government's Bargain:** The core purpose of the plea agreement was to secure Mr. Mwangi's guilty plea and avoid trial. The government received the full benefit of that bargain. Mr. Mwangi's brief absence delayed—but did not prevent—sentencing. He is now in custody and ready to be sentenced.

• **Unpleaded Post-Arrest Allegations:** The government references false statements allegedly made by Mr. Mwangi upon his arrest in Texas. However, the government's motion did not plead post-arrest conduct as a basis for breach. The government cannot expand its grounds for breach beyond what was alleged in its motion. *Calabrese*, 645 F.2d at 1390.

**4. Releasing the Government from All Obligations Under Paragraph 5 Is an Excessive Remedy.**

Even if a technical breach occurred, the complete release of the government from Paragraph 5 is disproportionate. The government seeks release from its obligations (such as recommending a sentence within the guideline range) while keeping the guilty plea intact. Any remedy for breach must be proportionate. *Lezine*, 166 F.3d at 901. If the Court finds a breach, the appropriate remedy is limited to allowing the government to argue against a reduction for acceptance of responsibility—not permitting it to seek an upward departure or breach its sentencing range recommendation.

**5. Fifth Amendment Principles Do Not Bar Denial of Acceptance Reduction.**

Mr. Mwangi does not dispute that the Court may deny an acceptance-of-responsibility reduction without violating the Fifth Amendment. *See United States v. Gordon*, 4 F.3d 1567,

1573 (10th Cir. 1993). Rather, Mr. Mwangi's argument is factual: the government has simply failed to meet its evidentiary burden to prove a material breach.

CONCLUSION

The government has failed to prove by a preponderance of the evidence that Mr. Mwangi materially breached the plea agreement. The agreement lacks an express term requiring appearance, any implied term must be narrowly construed against the government, and his six-week absence caused no material prejudice to the government's position. The Court should deny the government's motion.

WHEREFORE, Defendant Ephantus Mwangi respectfully requests that the Court:

1. DENY the United States' Motion for Hearing to Determine Whether Defendant Has Violated the Terms of the Plea Agreement;

2. FIND that the government has failed to meet its burden of proving breach by a preponderance of the evidence;

3. FIND that the government remains bound by its obligations under Paragraph 5 of the Plea Agreement; and

4. GRANT such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**SANDAGE LAW LLC**

/s/ Lance Sandage
Lance Sandage, KS #17816
1600 Genessee Street, Suite 662
Kansas City, MO 64102
Phone: 816.753.0800
Fax: 816.735.4602

lance@sandagelaw.com
ATTORNEY FOR MR. MWANGI

**CERTIFICATE OF SERVICE**

On July 21, 2026, I served this document by depositing an electronic copy of it in the Court's electronic filing system, which shall distribute notice to all attorneys of record.

/s/ Lance Sandage
Lance Sandage